| | | |
|---|---|---|
| MARIA LYNN KEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on pro se Plaintiff Maria Lynn Key's Motion for Reconsideration, (Doc. 8). It is ripe for review.

## I. BACKGROUND

Plaintiff filed this suit on June 7, 2013. (Doc. 1). The Court denied Plaintiff's motion to proceed in forma pauperis on July 18, 2013. (Doc. 3). On September 12, 2013, the Magistrate Judge issued an order allowing Plaintiff until February 1, 2014 to pay the filing fee to the Court and to serve the summons and complaint on Defendant. (Doc. 5). That deadline passed without any action on Plaintiff's part. On March 18, 2014, this Court issued an order dismissing Plaintiff's case without prejudice. On May 27, 2014, Plaintiff brought this motion for reconsideration. Specifically, Plaintiff states that she was unable to pay the filing fee in the allotted time as she had to take care of ailing family members. Plaintiff offered no legal support for her request for reconsideration.

## II. STANDARD OF REVIEW

Although the Federal Rules of Civil Procedure do not specifically address motions for reconsideration, they come "in the nature of a motion to alter or amend the prior judgment of the

Court under Rule 59(e)," <u>Christian v. Moore</u>, No. 3:13-cv-100-FDW-DSC, 2013 WL 937764, at

*1 (W.D.N.C. Mar. 11, 2013), and "are allowed in certain, limited circumstances," <u>Wiseman v.

First Citizens Bank & Trust Co.</u>, 215 F.R.D. 507, 509 (W.D.N.C. 2003). The purpose of a

motion to reconsider is to present the Court with newly discovered evidence or to correct

manifest errors of law in a prior order. <u>DirecTV, Inc. v. Hart</u>, 366 F. Supp. 2d 315, 317

(E.D.N.C. 2004) (quoting <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3rd Cir. 1985)). "Such

problems rarely arise and the motion to reconsider should be equally rare." <u>Wiseman</u>, 215

F.R.D. at 509 (quoting <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101

(E.D. Va. 1983)).

## III.    DISCUSSION

Plaintiff missed several deadlines in this case; indeed, Plaintiff missed <u>all</u> relevant

deadlines imposed by this Court, the Federal Rules of Civil Procedure, and the Local Rules of

this district. Plaintiff missed these deadlines despite the fact that the Magistrate Judge granted

her several months—from September 13, 2013 until February 1, 2014—to pay her filing fee and

serve the summons and complaint upon the Defendant. Plaintiff did neither of these.   It is for

this that the Court dismissed of Plaintiff's claim.

Although this Court could have dismissed Plaintiff's claim with prejudice, it declined to

do so; instead the Court dismissed Plaintiff's claim without prejudice to allow Plaintiff the

opportunity to re-file her claim in the case that she still wished to prosecute it. Plaintiff has now

filed a motion for reconsideration without including any legal support for her motion. Even

considering the liberal standard accorded to pro se Plaintiffs, Plaintiff's motion is without merit.

Accordingly, having reviewed Plaintiff's motion, this Court **denies** Plaintiff's motion for

reconsideration.

## IV.    CONCLUSION

A motion to reconsider cannot "merely ask[] the court 'to rethink what the Court had already thought through—rightly or wrongly.'"  <u>DirecTV, Inc.</u>, 366 F. Supp. 2d at 317 (quoting <u>Harsco</u>, 779 F.2d at 909).

**IT IS, THEREFORE, ORDERED** that:

1.      Plaintiff's Motion to Reconsider, (Doc. 8), is **DENIED**.

2.      This case is closed.

Signed: July 28, 2014

Robert J. Conrad, Jr.
United States District Judge